IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

MELVIN C. LEWIS,

                              Plaintiff,                    Civil Action No.
     v.                                                     9:08-CV-148 (LEK/DEP)


P. HEALY, *et al.*,

                              Defendants.

_____

APPEARANCES:                                   OF COUNSEL:

FOR PLAINTIFF:

MELVIN C. LEWIS, *Pro Se*
00-B-1401
Eastern NY Correctional Facility
P.O. Box 338
Napanoch, NY 12458

FOR DEFENDANTS:

HON. ANDREW M. CUOMO              DAVID L. COCHRAN
Attorney General of              Assistant Attorney General
the State of New York
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

     Plaintiff Melvin C. Lewis, a New York State prison inmate who is

proceeding *pro se* and *in forma pauperis* ("IFP"), has commenced this action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, alleging deprivation of his civil rights.  In their response to plaintiff's complaint, defendants assert that plaintiff's IFP status was improvidently granted, and seek conditional dismissal of plaintiff's complaint under 28 U.S.C. § 1915(g), absent his pre-payment in full of the applicable filing fee, in light of the prior dismissal of three or more such inmate civil rights actions brought by him, but found to be lacking in palpable merit.  Because I agree that plaintiff is subject to the "three strikes" provision of section 1915(g), and has not established a basis to invoke the imminent danger exception to that rule, I recommend that defendants' motion be granted.

I.     BACKGROUND

Plaintiff is, and was at the times relevant to the constitutional claims raised in this action, a prison inmate entrusted to the custody of the New York State Department of Correctional Services ("DOCS"), and confined within the Eastern Correctional Facility ("Eastern"), located in Napanoch, New York.  *See generally* Complaint (Dkt. No. 1).  In his complaint, plaintiff asserts that he was subject to adverse action, including confinement to his cell and reassignment from his work program, in

retaliation for having filed grievances against certain defendants. *Id.*

Plaintiff also alleges that the defendants conspired to effectuate the

issuance of a false misbehavior report against him, and that during the

course of an ensuing disciplinary proceeding he was denied procedural

due process. *Id.*

In reply to a specific inquiry on the form civil rights complaint utilized

by the plaintiff to initiate this action, requesting information regarding

previous lawsuits, Lewis identified only one other action filed by him in any

state or federal court relating to the terms of his confinement.[1]  *See*

Complaint (Dkt. No. 1) § 5.  That limited response, however, is flatly

contradicted by publicly available information which reveals that at the

time of commencement of this suit, plaintiff had initiated at least ten other

civil rights actions and one habeas corpus proceeding in this district, the

Southern District of New York, and the Western District of New York,

dating back to 1997, while a DOCS inmate.  The following represents a

listing of plaintiff's prior known civil right actions and habeas corpus

petitions filed while confined as a prison inmate:

_____

[1]      When signing his complaint, plaintiff attested to the truth of its contents under
penalty of perjury.  *See* Complaint (Dkt. No. 1) at 11.

A.    Northern District of New York

    (1)    *Lewis, et al. v. DeAngelo, et al.*, Civil Action No. 97-CV-1316 (Civil Rights Action consolidating Civil Action Nos. 97-CV-1457, 97-CV-1683, 97-CV-1657, 97-CV-1375, 97-CV-1416, and 97-CV-1427)

    (2)    *Lewis v. City of Binghamton, et al.*, Civil Action No. 97-CV-1823 (Civil Rights Action)

    (3)    *Lewis v. Dury, et al.*, Civil Action No. 00-CV-765 (Civil Rights Action)

    (4)    *Lewis v. Poole*, Civil Action No. 02-CV-987 (Habeas Corpus Proceeding)

    (5)    *Lewis v. Donahue* et al., Civil Action No. 04-CV-1452 (Civil Rights Action)

    (6)    *Lewis v. Allen, et al.*, Civil Action No. 05-CV-1117 (Civil Rights Action)

    (7)    *Lewis v. Goord, et al.*, Civil Action No. 06-CV-505 (Civil Rights Action)

B.    Western District of New York

    (1)    *Lewis v. Pataki, et al.*, Civil Action No. 03-CV-800 (Civil Rights Action)

    (2)    *Lewis v. Blazejewski, et al.*, Civil Action No. 03-CV-943 (Civil Rights Action)

    (3)    *Lewis v. Pataki, et al.*, Civil Action No. 04-CV-162 (Civil Rights Action)

C.    Southern District of New York

(1)   *Lewis v Corp. City of Binghamton, et al.*, Civil Action No. 07-CV-4674 (Civil Rights Action)

II.   PROCEDURAL HISTORY

Plaintiff commenced this action on February 8, 2008, and was thereafter granted leave to proceed IFP.  Dkt. Nos. 1, 4.  Following their execution of acknowledgment of service forms, *see* Dkt. Nos. 11, 12, 13, 14, and 17, on May 23, 2008 defendants filed a motion seeking dismissal of plaintiff's complaint pursuant to 28 U.S.C. § 1915(g).  Dkt. No. 21.  With the filing by Lewis of papers in opposition to that motion, Dkt. No. 24, defendants' motion is now ripe for determination, and has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).[2]  *See also* Fed. R. Civ. P. 72(b).

III.   DISCUSSION

A.   Three Strikes Provision Generally

---

[2]   Also pending before the court is a motion by the plaintiff to amend his complaint in order to add new defendants and assert additional claims under section 1983.  *See* Dkt. No. 25.  In light of my finding that plaintiff does not qualify for IFP status, I recommend that the motion to amend be held in abeyance, and decided only in the event plaintiff pays the full fee for filing this action.

In their motion, defendants invoke 28 U.S.C. § 1915(g), arguing that under that section plaintiff's litigation history, which includes at least three merit-based dismissals, warrants revocation of his IFP status.

Section 1915(g), which was enacted as part of sweeping inmate litigation reform brought about by adoption of the Prison Litigation Reform Act of 1996 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), though engendering far less litigation than some of its PLRA counterparts including, notably, the exhaustion of remedies requirement of 42 U.S.C. § 1997e(a), provides that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The manifest intent of Congress enacting this "three strikes" provision was to curb prison inmate abuses and deter the filing of multiple, frivolous civil rights suits by prison inmates.  *Tafari v. Hues*, 473 F.3d 440, 443-44 (2d Cir. 2007); *Gill v. Pidlychak*, No. 9:02-CV-1460, 2006 WL 3751340, at *2 (N.D.N.Y. Dec. 19, 2006) (Scullin, S.J. & Treece,

M.J.).  The prophylactic effect envisioned under section 1915(g) is

accomplished by requiring a prisoner who has had three previous strikes

to engage in the same cost benefit analysis that other civil litigants must

make before deciding whether to commence suit, accompanied by the

filing of the full fee – that is, to assess whether the result to be achieved

justifies the filing fee expenditure.  *Tafari*, 473 F.3d at 444; *Ibrahim v.*

*District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006).  As the Second

Circuit has noted, in the context of PLRA amendments requiring inmates

to authorize prison officials to make deductions from inmate accounts to

be applied as partial payments of appellate filing fees for prisoners

granted IFP status,

> [p]rior to the enactment of the *in forma pauperis*
> amendments, inmates suffered no economic
> disincentive to filing law suits.  Indeed, the very
> nature of incarceration–prisoners have substantial
> free time on their hands, their basic living expenses
> are paid by the state and they are provided free of
> charge the essential resources needed to file
> actions and appeals, such as paper, pens,
> envelopes and legal materials–has fostered a
> "'nothing to lose and everything to gain'"
> environment which allows inmates discriminately
> to file suit at taxpayers' expense.

*Nicholas v. Tucker,* 114 F.3d 17, 20 (2d Cir. 1997), *cert. denied sub nom.*,

*Nicholas v. Miller*, 523 U.S. 1126, 118 S. Ct. 1812 (1998) (internal

citations omitted); *see also Gill*, 2006 WL 3751340, at *2.

The question of whether the dismissal of a prior action qualifies as a strike, for purposes of section 1915(g), is a matter of statutory interpretation, and as such a question for the court.[3]  *Tafari*, 473 F.3d at 442-43.  In determining whether a dismissal satisfies the failure to state a claim prong of the statute, implicated in this case, courts have drawn upon the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure for guidance, particularly in light of the similarity in phrasing utilized in the two provisions.  *Tafari*, 473 F.3d at 442 (citing *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005)).

B.    Application of Section 1915(g)

Defendants' motion identifies four actions, all brought by the plaintiff in either this district or the Southern District of New York, as constituting strikes, for purposes of section 1915(g), including Civil Action Nos. 97-CV-1823, 04-CV-1452, 07-CV-4674, and 05-CV-1117.  In support of their

---

[3]    The Second Circuit has expressed its view that the time for determination of "strikes" is only when the section 1915(g) issue is ripe for adjudication, and that because of the potentially significant consequences flowing from such a finding, a court should not, when dismissing an inmate complaint, contemporaneously signal whether the dismissal should count as a "strike" for the purposes of that section. *DeLeon v. Doe,* 361 F.3d 93, 95 (2d Cir. 2004); *see also Snider v. Melindez*, 199 F.3d 108, 115 (2d Cir. 1999) ("We . . . doubt whether the entry of a strike is properly considered at the time an action is dismissed.").

motion, defendants offer only entries from the docket sheets maintained

by the court in two of those four actions.  *See* Cochran Affirmation (Dkt.

No. 21) Exhs. C and D.  Defendants interpret the docket entries

associated with the dismissal of each of those actions as evidencing a

judicial finding that plaintiff's complaint failed to state a claim upon which

relief may be granted.

The determination of whether a prior dismissal does in fact

constitute a strike is dependent upon the precise nature of the dismissal

and the grounds supporting it.  For that reason, rather than being guided

by the text of relevant docket entries and the particular language

employed, I have obtained copies of the actual orders directing dismissal

of those actions, and will look to those orders, constituting matters of

public record of which the court may properly take judicial notice, *Green v.*

*Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) (citing *St. Louis Baptist*

*Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10 th Cir. 1979)), to aid in

determining whether they meet the requisite criteria to qualify as strikes

under section 1915(g).

    1.   Civil Action No. 97-CV-1823

The first action offered by defendants in support of their motion is

*Lewis v. City of Binghamton, et al.*, Civil Action No. 97-CV-1823

(N.D.N.Y., filed December 15, 1997).[4]  *See* Cochran Affirmation (Dkt. 21)

Exh. C.  At the time the suit was commenced, plaintiff was confined within

the Broome County Correctional Facility.  No. 6:97-CV-1823, Dkt. No. 1.

Plaintiff's complaint in that action asserts claims under 42 U.S.C. § 1983

against the City of Binghamton; Gerald F. Mollen, the District Attorney of

Broome County; Matthew Ryan, an attorney for the Broome County Public

Defender's Office; and MaryAnn Lehmann, identified by Lewis as "City

Court Judge for Broome County", seeking money damages for his

allegedly illegal imprisonment in 1997 resulting from the negligence and

malicious misconduct of the defendants.  *Id.* at Dkt. Nos. 1, 5.  Plaintiff's

complaint was dismissed as a result of an order issued on February 5,

1998 by then-Chief Judge Thomas J. McAvoy on the basis that a plaintiff

cannot recover monetary damages for an alleged unconstitutional

conviction or imprisonment under section 1983 without first proving that

---

[4]     Because plaintiff was confined within the Broome County Correctional Facility at
the time that action was commenced, the docket sheet does not reflect his department
identification number ("DIN"), which is often helpful in confirming that the plaintiff in
that action and the plaintiff in the current action are one in the same.  Based upon an
examination of his criminal record, however, the plaintiff "Melvin C. Lewis" in the
current action is determined to be the same "Melvin Cornell Lewis" who commenced
No. 97-CV-1823.

the conviction has been reversed, expunged, declared invalid, or called

into question by a federal court's issuance of a writ of habeas corpus,

pursuant to 28 U.S.C. § 2254.  *Id.* at Dkt. No. 5 (citing, *inter alia*, *Heck v.

Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364 (1994)).  The order

specifically recited that plaintiff's complaint was being dismissed for failure

to state a claim upon which relief may be granted.  That action therefore

qualifies as a strike for purposes of section 1915(g).  *Tafari*, 473 F.3d at

441; *see also Smith v. District of Columbia*, 182 F.3d 25, 27-29 (D.C. Cir.

1999).

> 2.    Civil Action No. 04-CV-1452

The second case cited by the defendants in support of their three

strikes motion is *Lewis v. Donahue, et al.,* Civil Action No. 3:04-CV-1452

(N.D.N.Y., filed Dec. 15, 2004).  The plaintiff's complaint associated with

that action reflects that at the time the suit was commenced, he was

confined within the Auburn Correctional Facility, and that the claims

asserted in his complaint are alleged to have arisen under 42 U.S.C. §

1983.  *See* No. 04-CV-1452, Dkt. No. 1.  That action was brought by

plaintiff against Binghamton Police Officers Scott Donahue and Barry

Angels, Broome County Court Judge Martin E. Smith, and Chief Assistant

District Attorney Joanne Rose Parry, alleging false arrest, false imprisonment, and malicious prosecution in connection with his 2000 conviction and subsequent imprisonment.[5]  *Id.*  As the result of an order issued on June 6, 2006 by District Judge Thomas J. McAvoy, plaintiff's complaint was dismissed on the basis that a plaintiff cannot recover damages for an unconstitutional conviction or imprisonment under section 1983 "'unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.'"  *Id.* at Dkt. No. 56 (quoting *Heck*, 512 U.S. at 489, 114 S. Ct. 2364).   That order recited that plaintiff's complaint was being dismissed because it failed to state a claim upon which relief could be granted and was frivolous under 28 U.S.C. § 1915(e)(2).  *Id.*  Accordingly, that dismissal also qualifies as a

---

[5]      Plaintiff's complaint in that action was initially dismissed pursuant to an order issued on December 22, 2004 by District Judge Gary L. Sharpe, finding that plaintiff's claims were not cognizable under 42 U.S.C. § 1983 because it appeared that plaintiff was only seeking to alter the fact or duration of his custody, relief available solely by way of a habeas corpus petition.  No. 04-CV-1452, Dkt. No 4.  Plaintiff responded by filing a motion for reconsideration, *id.* at Dkt. No. 6,  which was granted by Judge Sharpe on May 24, 2005, restoring the action and vacating the judgment in favor of the defendants on the ground that plaintiff was "not seeking immediate or speedier release from prison, but rather only monetary damages and a probable cause hearing[,]" relief which he could pursue under section 1983.  *Id.* at Dkt. No. 10.  Plaintiff's claims against Judge Martin E. Smith and Chief Assistant District Attorney Joanne Rose Parry, however, were dismissed by Judge Sharpe on the basis of judicial and prosecutorial immunity, respectively.  *Id.*

strike for purposes of section 1915(g).  *Tafari*, 473 F.3d at 441; *see also Smith*, 182 F.3d at 27-29.

      3.    <u>Civil Action No. 07-CV-4674</u>

The third strike alleged by the defendants relates to an action entitled *Lewis v. Corp. City of Binghamton, et al.,* Civil Action No. 1:07-CV-4674 (S.D.N.Y., filed June 4, 2007).  *See* Corchran Affirmation (Dkt. No 21) Exh. D.  In that suit, which like this action was commenced while plaintiff was confined within Eastern, Lewis asserted claims under 42 U.S.C. § 1983 against "the Corporation City of Binghamton"; Broome County Court Judge Martin E. Smith; Chief Assistant District Attorney Joanne Rose Parry; and James M. Barber, plaintiff's defense attorney, again alleging constitutional violations in connection with his 2000 conviction.  No. 07-CV-4674, Dkt. No. 3.  Citing *Heck*, Chief Judge Kimba M. Wood dismissed plaintiff's complaint on June 4, 2007 for failure to state a claim upon which relief may be granted, and also with the additional finding that any appeal from that order would not be taken in good faith.  *Id.* at Dkt. No. 3.  Consequently, that action similarly qualifies as a strike for purposes of defendants' motion.  *Tafari*, 473 F.3d at 441; *see also Smith*, 182 F.3d at 27-29.

As the foregoing reflects, defendants have convincingly established that the plaintiff has filed at least three meritless civil rights complaints while confined as a New York prison inmate.[6]  Accordingly, absent applicability of the imminent danger exception, plaintiff is subject to the provisions of 28 U.S.C. § 1915(g), and thus may properly be required to prepay in full the applicable filing fee in order to pursue his claims, notwithstanding that IFP status was previously conferred.  *See McFadden v. Parpan*, 16 F. Supp.2d 246, 247-48 (E.D.N.Y. 1998).

C.   Imminent Danger Exception

As a safety valve, obviously intended to protect a prison inmate

———————————

[6]      Defendants contend that another action, *Lewis v. Monette*, 9:05-CV-1117 (N.D.N.Y., filed September 6, 2005), may qualify as a strike for purposes of section 1915(g).  While it is unnecessary to analyze the circumstances surrounding the dismissal of that action, it likely does not qualify as a strike since plaintiff's claims were dismissed on motion for summary judgment, rather than based upon a failure to state a claim upon which relief may be granted.  *See Weber v. Gathers*, No. 2:04-1563-MBS, 2006 WL 2796374, at *3 (D.S.C. Sept. 26, 2006) ("[A]n action proceeding to the summary judgment stage can rarely be characterized as 'frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted' for purposes of 28 U.S.C. § 1915(g)."); *Harris v. Oatley*, No. 2:05-CV-265, 2006 WL 2714961, at *5 (W.D. Mich. Sept. 22, 2006)("[C]ases dismissed on summary judgment do not constitute a strike.").
      On the other hand, it does appear that at least one other case not cited by the defendants may also qualify as a strike.  *See Lewis v. Pataki, et al.*, Civil Action No. 04-CV-162 (W.D.N.Y., filed March 12, 2004) (dismissing the action pursuant to 28 U.S.C. § 1915(e)(2)(B) and certifying that any appeal from that order would not be taken in good faith).  In light of the findings of this report and recommendation, however, it is unnecessary to address the circumstances surrounding dismissal of that case.

exposed to potential danger from the harsh consequences of his or her earlier folly, section 1915(g) provides that a prisoner who is in "imminent danger of serious physical injury" may avoid application of the three strikes rule of section 1915(g).  *See* 28 U.S.C. § 1915(g); *see also Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002).  This exception requires a showing that the prisoner was under such imminent danger at the time of filing; the exception does not provide a basis to avoid application of the three strikes on the basis of past harm.  *Id.*  An inmate who claims the benefit of this exception must also show that the danger faced rises to the level of a "serious physical injury." 28 U.S.C. § 1915(g). The imminent danger an inmate faces, moreover, must be real, and not merely speculative or hypothetical. *Johnson v. Barney*, No. 04 Civ. 10204, 2005 WL 2173950, at *1-*2 (S.D.N.Y. Sept. 6, 2005) (inmate's allegation of danger at facility he was not housed at, but may pass through at infrequent occasions in the future, does not establish imminent danger)

The term "serious physical injury", as utilized in section 1915(g), is nowhere concretely defined, although it has been construed by various courts as including a "disease that could result in serious harm or even death[.]" *Ibrahim*, 463 F.3d at 7.  In deciding whether to invoke the

15

exception, a court must examine the available pleadings, construed in a light most favorable to the plaintiff, to determine whether the plaintiff has alleged a serious physical injury.  *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002).  Conditions which have been held to rise to a sufficient threshold level include denial of treatment for infected gums, resulting in damages of infection, *McAlphin*, 281 F.3d at 710; denial of adequate treatment for Hepatitis C, a "chronic and potentially fatal disease," *Ibrahim*, 463 F.3d at 6-7; and patterns of harassment from corrections officers, heart palpitations, chest pains and labored breathing, *Ciarpaglini v. Saini*, 352 F.3d 328, 330-31 (7th Cir. 2003) (finding upon reaching the merits, however, that plaintiff's complaint did not state an Eighth Amendment claim).

In this action, plaintiff's claims include allegations of retaliation, conspiracy, and denial of due process, resulting in confinement to his cell; reassignment from his work program; the issuance of a falsified misbehavior report; nineteen days of keeplock confinement; and loss of packages, telephone privileges, commissary, and recreation.[7]  *See*

---

[7]     Keeplock is a form of confinement restricting an inmate to his or her cell, separating the inmate from others, and depriving him or her of participation in normal prison activities.  *Gittens v. LeFevre*, 891 F.2d 38, 39 (2d Cir. 1989); *Warburton v.*

Complaint (Dkt. No. 1).  Having carefully reviewed both plaintiff's complaint and the materials submitted in response to defendants' motion to dismiss, I conclude that none of the matters set forth in those papers suggest the existence of imminent danger of serious physical injury of the sort contemplated by Congress when enacting section 1915(g).  *See Polanco v. Hopkins*, 510 F.3d 152 (S.D.N.Y. 2007) (finding prisoner was not in imminent danger of serious physical injury where he alleged he was unjustly disciplined by confinement for thirty days, deprived of keeplock shower, called names and received threats from guards, wrongly reported with misbehavior charge, and confined to special housing unit (SHU)).  Plaintiff therefore does not qualify for relief under the imminent danger exception to the three strikes rule.

IV.   SUMMARY AND RECOMMENDATION

─────────────────────

*Goord*, 14 F. Supp.2d 289, 293 (W.D.N.Y. 1998) (citing *Gittens*); *Tinsley v. Greene,* No. 95-CV-1765, 1997 WL 160124, at *2 n. 2 (N.D.N.Y. Mar. 31, 1997) (Pooler, D.J. & Homer, M.J.) (citing, *inter alia, Green v. Bauvi*, 46 F.3d 189, 192 (2d Cir. 1995)). Inmate conditions while keeplocked are substantially the same as in the general population.  *Lee v. Coughlin*, 26 F. Supp.2d 615, 628 (S.D.N.Y. 1998).  While on keeplock confinement an inmate is confined to his or her general population cell for twenty-three hours a day, with one hour for exercise.  *Id.*  Keeplocked inmates can leave their cells for showers, visits, medical exams and counseling, and can have cell study, books and periodicals, *Id.*  The primary difference between keeplock and the general population confinement conditions is that keeplocked inmates do not leave their cells for out-of-cell programs, and are usually allowed less time out of their cells on the weekends.  *Id.*

The record now before the court firmly establishes that three prior civil rights actions, brought by the plaintiff while a prison inmate, have been dismissed on their merits for failure to state claims upon which relief may be granted.  The record also fails to reveal any basis to conclude that plaintiff is in imminent danger of serious physical injury, and therefore entitled to exemption from the three strikes provision of 28 U.S.C. § 1915(g).  Accordingly, recognizing that the net result of these findings is not denial altogether of plaintiff's access to the courts, but instead only the requirement that he conclude that the pursuit of his civil rights claims justifies his expenditure of the full applicable filing fee, it is hereby respectfully

RECOMMENDED that:

1)    The order granting the plaintiff IFP status (Dkt. No. 4) be VACATED.

2)    Defendants' motion to dismiss plaintiff's complaint (Dkt. No. 21) be GRANTED as to all defendants and all claims unless Lewis pays the full required filing fee of $350.00 within thirty days after the entry of a final order by the district court addressing this recommendation; and

3)    The requirement that defendants answer plaintiff's complaint

18

be STAYED indefinitely pending final resolution of the IFP issue raised in their motion; and

4)    Plaintiff's motion to amend the complaint (Dkt. No. 25) be DENIED, without prejudice to its renewal in the event that the required filing fee is paid or if the district court rejects this recommendation and denies defendants' motion to dismiss.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS OF SERVICE OF THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated:    October 29,  2008
          Syracuse, NY